

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

MFD: USAO 2019R00545

2020 FEB 27  AM II: 20

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

**WARDELL LESTER, JR.,**

    **Defendant**

\* \* \* \* \* \* \* \* \* \* \* \*

\*\*\*\*\*\*\*

CRIMINAL NO. DKC-20-079

(Theft of Government Property,
18 U.S.C. § 641; Social Security
Fraud, 42 § U.S.C. 408(a)(4);
Aiding and Abetting, 18 U.S.C. §
2; Forfeiture, 18 U.S.C.
§ 981(a)(1)(C), 21 U.S.C. § 853, 28
U.S.C. § 2461(c))

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1.     **WARDELL LESTER, JR. ("LESTER")** was a resident of Baltimore, Maryland.

2.     The Social Security Administration ("SSA") was an agency of the United States Government that administered the Retirement Insurance Benefit Program, which paid monthly benefits to individuals who worked and paid taxes to SSA. To be eligible for Title II Retirement Benefits, individuals must have had reached the age of 62 and paid a portion of their prior wages into the program. Benefit eligibility and payment amount were determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

3.     For beneficiaries who could not manage or direct the management of their Social Security benefits, SSA would appoint a representative payee, whose primary responsibility was to use the benefits to pay for the current and future needs of the beneficiary, and save any

benefits not needed to meet current needs. Payees were required to keep records of the beneficiary's expenses and periodically report them to SSA.

4.    P. L. was an SSA Title II Retirement Insurance beneficiary. **LESTER** was appointed P.L.'s representative payee in August 1996.

5.    P.L. died on or about September 5, 1997. **LESTER** did not notify SSA of P.L.'s death.

6.    Despite P.L.'s death, **LESTER** continued to submit annual reports to SSA stating that he was spending P.L.'s SSA retirement insurance benefits on P.L.'s food, housing, and personal items.

7.    **LESTER** received P.L.'s monthly SSA retirement benefit payments over the next *21* ~~eleven~~ years. As a result, SSA paid **LESTER** over $223,000 in benefits after the death of P.L. to which he was not entitled.

8.    SSA became aware of the fraud and, on January 11, 2019, agents of SSA's Office of Inspector General interviewed **LESTER**. During the interview, **LESTER** admitted to stealing P.L.'s benefits payments and falsifying annual reports to SSA regarding expenditure. **LESTER** apologized for stealing the funds, and stated that he knew it was wrong.

9.    Despite his apology, **LESTER** continued to steal SSA benefits payments until SSA could complete the administrative process to terminate them in May 2019.

**The Charge**

10.    Between in or about September 1997 and in or about May 2019, in the District of Maryland, the defendant,

**WARDELL LESTER, JR.,**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, Social Security Retirement Insurance Benefit payments to which he was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## COUNT TWO
(Social Security Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations of Paragraphs 1 through 9 of Count One are incorporated here.

2.      Between in or about September 1997 and on or about January 11, 2019, in the District of Maryland, the defendant,

**WARDELL LESTER, JR.,**

having knowledge of the occurrence of any event affecting the initial or continued right of payment under Subchapter II of Title 42, United States Code, did conceal and fail to disclose said event with intent to fraudulently secure payment in a greater amount than is due and when no payment is authorized; to wit, the defendant concealed and failed to disclose that P.L. died, for the purpose of causing the Social Security Administration to continue to make Social Security Retirement Insurance Benefit payments, when no such payments were due.

42 U.S.C. § 408(a)(4)
18 U.S.C. § 2

4

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Indictment.

2.     As a result of the offense set forth in Count One of the Indictment, the defendant,

### WARDELL LESTER, JR.,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3.     If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property, that is, at least $223,655.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

2/27/2020

Date